**IN THE MATTER OF:**
**Human Rights Defense Center v. Ballard, et al.**
**Case No. 3:17-cv-00057-GFVT**
**U.S. DISTRICT COURT, EASTERN DISTRICT OF KENTUCKY**

## SETTLEMENT AGREEMENT OF INJUNCTIVE CLAIMS

THIS SETTLEMENT AGREEMENT OF INJUNCTIVE CLAIMS (hereinafter referred to as the "Agreement") is made and entered into as of the date this Agreement is signed, by and among the Commonwealth of Kentucky and the Kentucky Department of Corrections ("KDOC"), on behalf of itself and all of its officers, directors, employees, former employees, agents, predecessors, divisions, successors, administrators, and assigns, including but not limited to Jim Erwin, Kimberly Potter-Blair, Chris Kleymeyer, Ashley Short, Debbie Kays, Keith Helton, Tiffany Ratliff, Kathy Litteral, Deedra Hart, Janet Conover, Randy White, James David Green, Scott Jordan, Don Bottom, Ravonne Sims, Tim Lane, and Anna Valentine (collectively referred to as "Defendants"), and the Human Rights Defense Center ("HRDC"), on behalf of itself and all of its officers, directors, employees, former employees, agents, predecessors, divisions, successors, administrators, and assigns. Defendants and HRDC collectively are "the Parties".

**I. Recitals**

A. At all times relevant hereto, the individual Defendants are or were employees of the KDOC.

B. At all times relevant hereto, the Human Rights Defense Center is and was a not-for-profit charitable organization recognized under § 501(c)(3) of the Internal Revenue Code, incorporated in the state of Washington and with principal offices in Lake Worth, Florida. HRDC publishes *Prison Legal News*, a monthly journal of corrections news and analysis. HRDC has thousands of subscribers in the United States and abroad, including prisoners, attorneys, and

judges. Additionally, HRDC publishes and/or distributes dozens of different softcover books about the criminal justice system, legal reference books, and self-help books of interest to prisoners.

C. This Agreement addresses and resolves certain disputes arising from and relating to allegations that Defendants violated HRDC's First and Fourteenth Amendment rights as it relates to the handling and delivery of its publications at KDOC's prison facilities, and the alleged lack of due process associated with Defendants' failure to provide HRDC notice and opportunity to be heard regarding rejected or censored publications.

D. The Parties agree that the Defendants deny any liability in this case. However, in order to avoid the expense, delay, uncertainty, and burden of litigation, the parties have agreed to a settlement of the litigation. This written Agreement memorializes the terms of the settlement reached by Defendants and HRDC as to the injunctive claims in this case.

## II. Injunctive terms

1. The Defendants agree that they shall deliver, if consistent with its legitimate penological interests and express policy terms based thereon, all HRDC publications (*i.e.*, books, magazines, and newspapers) sent to prisoners held in its prison facilities.

2. The Defendants agree that all incoming HRDC publications will be reviewed on a case-by-case basis for a determination of suitability within the parameters of institutional safety and security. The Defendants shall not reject publications at any of its facilities solely because the sender is not on a list of approved publishers, vendors, and/or distributors. The Defendants shall also not condition delivery of any publication on the recipient relinquishing ownership of said publication. Further, The Defendants agree not to reject publications solely because they were free.

3. The Defendants agree that it will not reject books sent by HRDC to prisoners within its facilities solely because the books are mailed in envelopes, contain colored paper or ink, or are sent in packages with mailing labels. The Parties agree that, for security purposes:

- If HRDC publications are mailed into the institution in colored envelopes, the contents of the envelope will be delivered to the prisoner, but the prisoner will not be allowed to possess the envelope itself.
- If HRDC publications are mailed into the institution in packages with mailing labels, the mailing label will be removed by the institution before the package is delivered to the prisoner.

The Parties agree that the Defendants will not be required to send a rejection notice to the Plaintiff if envelopes or mailing labels are withheld from the prisoner, as long as the contents of the package or envelope are delivered to the prisoner.

4. The Defendants agree that whenever authorities at any of its prison facilities refuse to deliver any HRDC publication sent to a prisoner for any reason, prison personnel shall place into the mail written notice to the sender within three (3) business days of making the rejection decision. The notice shall include the name and address of the publisher as well as the name(s) of the intended recipient(s), a description of the refused publication, and an explanation of why the publication was rejected. The notice shall also inform the sender of their right to appeal the decision, and include the name and address of the person to whom such appeals should be addressed and the date by which appeals must be submitted. The notice shall also be given to the intended prisoner-recipient of the publication. The refused publication will be retained by the prison in accordance with the appeal process established by the prison.

5. The Parties agree that Defendants Jim Erwin, Kimberly Potter-Blair, Chris Kleymeyer, Ashley Short, Debbie Kays, Keith Helton, Tiffany Ratliff, Kathy Litteral, Deedra Hart, Janet Conover, Randy White, James David Green, Scott Jordan, Don Bottom, Ravonne Sims, Tim Lane, and Anna Valentine, and their agents, assigns, employees, deputies and successors, will establish, implement and enforce policies and procedures that will fully effectuate the terms of this Agreement.

6. It is further agreed that within thirty (30) days of the date of entry of this Agreement, Defendants Keith Helton, Tiffany Ratliff, Kathy Litteral, Deedra Hart, Janet Conover, Randy White, James David Green, Scott Jordan, Don Bottom, Ravonne Sims, Tim Lane, and Anna Valentine will disseminate a copy of this Agreement to all employees of their respective prisons who are responsible for any part of the receipt, collection, and delivery of U.S. Mail to prisoners, and that the terms of this Agreement will be fully implemented by all prison staff persons. Further, copies of this Agreement shall be available to prisoners in the prisons' respective libraries, and copies of this Agreement shall be posted in the common areas of KDOC's prison facilities for a period of ninety (90) days after the date of this Agreement. Defendants' counsel will furnish the Court and Plaintiff's counsel with written confirmation that Defendants have complied with the provisions of this paragraph.

7. The Parties agree that each of the KDOC's prison facilities shall conduct an appropriate training session with all staff persons who are responsible for any part of the receipt, collection, and delivery of U.S. Mail to prisoners about the contents of this Agreement and the best practices for successful compliance herewith. The Defendants shall file with the Court a notice that said training has been conducted within ninety (90) days of the entry of the stipulation and Order by

4

the Court, and they shall provide a copy of the written materials used for such training to HRDC's counsel at the time of filing.

### III. Reservation of Jurisdiction

8. The Parties agree that the Court shall retain jurisdiction for the purpose of enforcing the terms of this Agreement, by entry of a Stipulated Order of Dismissal stating the same.

### IV. Miscellaneous Provisions

9. Only the named Plaintiff can maintain an action for breach of this Agreement. No other person will be considered a third-party beneficiary of this Agreement.

   A. Plaintiff may move the court for reinstatement of the lawsuit, or may elect to proceed in state court and seek specific performance or institute an action for breach subject to notification as set forth in paragraph 2 of this Subsection. An action to enforce this Agreement does not include any action for damages.

   B. The lawsuit may not be reinstated, nor a claim for breach or specific performance of this Agreement brought, before the Plaintiff first notifies the Commissioner of the Department of Corrections of the nature of the alleged material non-compliance and gives the Department of Corrections 60 days to cure the alleged breach.

10. The Defendants and HRDC acknowledge and agree that they have been represented by legal counsel with respect to the matters that are the subject of this Agreement and that they have entered into this Agreement freely and voluntarily.

11. The Parties agree that facsimile or PDF signatures are deemed to be originals and that this Agreement may be executed in counterparts. Upon signature of the Parties, this Agreement shall be deemed executed, final, and binding.

12. The Parties agree that this case concerns allegations that the First and Fourteenth Amendment rights of a publisher were violated, and is therefore not a case concerning prison conditions as defined in the Prison Litigation Reform Act of 1996.

13. This Agreement sets forth the entire understanding between the Parties with respect to the injunctive claims in this case, and there are no representations, warranties, agreements, arrangements, or undertakings, oral or written, between or among the Parties hereto relating to the subject matter of this Agreement which are not fully expressed herein. This Agreement supersedes all prior negotiations, representations, statements, or promises between the Parties, whether written or oral, as to these claims.

14. This Agreement shall be binding upon and inure to the benefit of the Defendants and HRDC, and their respective successors and assigns.

15. The obligations imposed by this Agreement are severable. If for any reason a part of this Agreement is invalid or unenforceable, that determination shall not affect the remainder of this Agreement.

16. This Agreement and any of its provisions may be amended, modified, or terminated only by written agreement signed by HRDC and the Defendants. Such written agreement(s) shall be effective only upon approval by the Court.

Stipulated and Agreed to:

_____
Jim Erwin, Commissioner
Kentucky Department of Corrections

10-29-18
Date

_____
Paul Wright, Executive Director
Human Rights Defense Center

october 4, 2018
Date

6